IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHELBY ROBERTS,                   )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          1:22-cv-1114
                                  )
CARTER-YOUNG, INC.,               )
                                  )
          Defendant.              )

## ORDER

This court previously granted Defendant's Motion to Dismiss and dismissed the complaint. (Doc. 11.) Plaintiff appealed. (Doc. 13.) The Fourth Circuit vacated this court's order and judgment, remanding the case for further proceedings consistent with the opinion. (Doc. 18.)

Upon remand, Plaintiff filed an Amended Complaint alleging violations of the Fair Credit Reporting Act. (Doc. 24 at 12-16.)[1] In response to a joint motion by the parties, (Doc. 19), the Magistrate Judge entered an Order permitting the parties to "address the legal standard for investigating indirect disputes under the Fair Credit Reporting Act articulated in the decision

---

[1] All citations in this Order to documents filed with the court refer to page number located on the bottom right hand corner of the documents as they appear on CM/ECF.

of the United States Court of Appeals for the Fourth Circuit, (Doc. 18)." (Doc. 23 at 1.)

Pending before this court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. 27). Plaintiff has filed a response in opposition, (Doc. 30), and Defendant has filed a reply, (Doc. 32). The motion is ripe, and this court finds a hearing or oral argument unnecessary for adjudication.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). When ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true. Id. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted).

- 2 -

Defendant's motion to dismiss is directed to the issue of whether Plaintiff alleged facts which establish that she "submitted a dispute over the accuracy of information on a credit report to a CRA." (Doc. 28 at 11.) Defendant contends Plaintiff has failed to state a claim because she "did not dispute the accuracy of the information reported to the CRAs by Carter-Young about the Ansley debt because the facts communicated to the CRAs by Roberts describing the basis of her dispute were not objectively and readily verifiable." (Doc. 28 at 10.) Defendant further contends, in reliance upon counsel's emails and letters, and with some justification, that Plaintiff's dispute centered upon allegations of fraud and retaliation — a dispute that "is not objectively and readily verifiable." (Doc. 28 at 19.)

Admittedly, the complaint is full of conclusory allegations which obscure those facts which are plausibly pled. (See, e.g., Doc. 24 ¶ 41 ("Later that day, acting on Plaintiff's behalf, Plaintiff's guarantor sent Defendant's manager a lengthy email, which . . . described in great detail the false, fraudulent and retaliatory nature of the Ansley claim." (emphasis omitted)).) However, this court does not read the complaint quite as narrowly as Defendant. Within the complaint, Plaintiff alleges with some specificity the actions Ansley took that Plaintiff

- 3 -

contends were fraudulent, such as an unnecessary charge for replacement of a stove that was not in fact replaced[2] and other charges that were either non-existent or exceeded the costs permitted by the lease agreement. (See Doc. 24 ¶¶ 15-19.) Thus, this court reads the complaint to set forth in sufficient detail the facts underlying Plaintiff's conclusory allegations of fraud. (See Doc. 24 ¶¶ 15-19, 34.)

Plaintiff also alleges that her guarantor notified Defendant of the dispute, (Id. ¶ 25), and later filed formal disputes with Experian, Equifax, and TransUnion, all of whom reported the dispute to Defendant. (Id. ¶¶ 30-31.) Although Plaintiff makes the conclusory allegation in the body of the complaint that she reported that the "Ansley claim was fraudulent and retaliatory," (Id. ¶ 30), she further alleges in a corresponding footnote that

> [t]he online forms that the CRAs provide for submitting disputes restrict the consumer to checking a single box (from a list of boxes) to describe the nature of the dispute. Plaintiff selected a box labeled as "fraud" (other than identity theft). The consumer may then attach additional documentation, which Plaintiff did on multiple occasions.

(Id. at 7 n.5.) This court finds it reasonable to infer that any additional documentation included more specific information than

---

[2] Plaintiff further alleges that it was clear the stove handle "was in fact reattached." (Id. ¶ 34.)

- 4 -

simply a conclusory assertion of fraud and retaliation. Nevertheless, that inference is not strong, and discovery may result in a contrary finding.

At this stage, however, this court declines to issue a ruling on the merits as to Defendant's motion to dismiss, as further factual development may substantially affect the determination of whether the alleged disputes reported by Plaintiff are objectively and readily verifiable. Instead,

> [t]he court determines in its discretion and in the interest of judicial management that ruling on the pending motion to dismiss filed by Defendant[] [] should be deferred and postponed until the time of trial or a ruling on any motion for summary judgment filed by Defendant, whichever first occurs. See Fed. R. Civ. P. 12(a)(4)(A) and 12(i); LR56.1(a) and (b). All arguments for judgment now appearing in the motion to dismiss should be folded into any summary judgment motion and brief.

Duke Univ. v. Massey Energy Co., No. 08CV591, 2009 WL 4823361, at *2 (M.D.N.C. Dec. 9, 2009), report and recommendation adopted, No. 08CV591, 2010 WL 11652443 (M.D.N.C. Jan. 15, 2010). The motion to dismiss will be denied without prejudice to trial or a ruling on any motion for summary judgment filed by Defendant, whichever first occurs. Defendants shall file an answer within twenty-one (21) days of entry of this order, and the case shall then proceed to discovery.

- 5 -

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. 27), is **DENIED WITHOUT PREJUDICE.** A ruling on the legal sufficiency of Plaintiffs' claims will be deferred to the next dispositive stage of litigation.

**IT IS FURTHER ORDERED** that Defendant file and serve an answer to Plaintiff's Amended Complaint within 21 days of entry of this Order.

Upon the filing of an answer, the Clerk is **DIRECTED** to set this matter for an Initial Pretrial Conference pursuant to LR 16.1(b). The parties shall report as directed.

This the 26th day of March, 2026.

_____
United States District Judge

- 6 -